**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LUIS TREJO MARTINEZ,

*Petitioner*,

v. No. 2:26-cv-00946-SMD-DLM

TODD BLANCHE,[1] *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Mexico, entered the United States sometime in 1998. He is married to a U.S. citizen, with two U.S. citizen children, and held work authorization that was renewed in January 2025. Doc. 1 at 2. Petitioner has two prior convictions for driving under the influence ("DUI"), one in 2012 and one in 2017. *Id.* at 3; Doc. 9 at 27. On August 14, 2025, Petitioner "presented himself to local authorities after learning of a warrant" related to charges of battery and driving without a license. Doc. 1 at 2. He was detained by immigration authorities on August 17, 2025. Doc. 9 at 27.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), an action does not abate when a public officer who is a party in official capacity resigns or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party, and any misnomer not affecting the parties' substantial rights must be disregarded. While the court may order substitution at any time, the absence of such an order does not affect the substitution.

The underlying criminal charges were dismissed on September 17, 2025. *Id.* at 22. Petitioner has no active warrants or pending cases in Lea County, New Mexico, where the charges were originally filed. Doc. 9 at 24. Petitioner was denied bond on September 22, 2025. Doc. 1 at 3. On April 10, 2026, the immigration judge's order of removal became final after Petitioner's appeal was dismissed. Doc. 7-1 at 4; Doc. 8 at 10.

Petitioner challenges his detention as prolonged in violation of the Due Process Clause of the Fifth Amendment. Doc. 1 at 1, 4.

**LEGAL STANDARD**

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

**DISCUSSION**

I. <u>The Court Has Subject Matter Jurisdiction</u>

The Court has subject matter jurisdiction to review Petitioner's claims. *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). Petitioner challenges his continued detention as a violation of the Due Process Clause. That constitutional claim differs from a challenge to a removal determination or bond eligibility. *See Ochieng v. Mukasey*, 520

F.3d 1110, 1115 (10th Cir. 2008) (citing *Demore*, 538 U.S. at 517). As one court explained, "[w]here a petitioner 'does not challenge any final order of removal, but challenges his detention prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-cv-01824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)). The Court finds that reasoning persuasive.

II. <u>Statutory Framework: 8 U.S.C. § 1231</u>

Petitioner's argument that his motion to reconsider renders the removal order "not truly final" is without merit. Doc. 1 at 2. The applicable regulations provide that a "motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the immigration judge, or an authorized DHS officer." 8 C.F.R. § 1003.2(f). Here, the Board of Immigration Appeals dismissed the appeal and denied the emergency motion to stay on April 10, 2026. Doc. 8 at 10. Thus, the removal order became final on that date. *See Vasenin v. Eng.*, No. 3:25-cv-895 DRL-SJF, 2025 WL 3525037, at *2 (N.D. Ind. Dec. 9, 2025) ("Thus, by both statute and regulation, Mr. Vasenin's removal order became final, at the latest, when the BIA dismissed the appeal on November 3, 2025.").

Under § 1231(a)(1), the government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United

States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*

Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-cv-02244-DGE, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-07683-NW, 2025 WL 2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-cv-00019-JJM-AEM, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

III. <u>Petitioner's Continued Detention Violates 8 U.S.C. § 1231 Because His Removal Is Not Reasonably Foreseeable</u>

Once the presumptively constitutional six-month period under *Zadvydas* elapses, Petitioner bears the burden to show his detention has become prolonged and potentially unlawful because there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 680. The Court finds that Petitioner has met his initial burden of proof and Respondents have failed to rebut this showing.

Here, Petitioner's detention period exceeds the presumptively constitutional six-month limit. Petitioner's order of removal became final on April 10, 2026. Thus, as of the present date, he has been detained for over six months after entry of the final order of removal. *See* Doc. 7-1 at 1. Petitioner has been continuously detained for a total period of approximately 14 months.

In *Abiodun v. Musakey*, the court distinguished *Zadvydas*, noting that the *Zadvydas* petitioners faced indefinite detention because "their countries of origin would not accept them." 264 F. App'x 726, 729 (10th Cir. 2008). By contrast, the petitioner's country of origin in *Abiodun* had issued travel documents, and ICE had successfully placed the petitioner on chartered flights, leading the court to find a likelihood of removal in the foreseeable future. The present case is more analogous to *Zadvydas* and distinguishable from *Abiodun*.

Petitioner sets forth that Respondents have continuously detained him after his order of removal became final in April 2026, and has therefore shown there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See* Doc. 1; Doc. 8. Respondents have not filed any notice setting forth the acquisition of necessary travel documents or the scheduling of concrete travel plans. Though the Court recognizes that Petitioner filed his Petition on March 27, 2026, and the 90-day mandatory detention period commenced thereafter upon entry of the final order of removal on April 10, 2026, Respondents have had ample time since that date to update the Court in regards to their plans to effectuate removal and have failed to do so.

Respondents do not set forth any additional basis for Petitioner's ongoing detention. In their response to the Petition, Respondents do not discuss Petitioner's prior DUI convictions or the dismissed charges in 2025. However, courts have found that such a record may not support denial of relief. *See, e.g.*, *Tinoco v. Noem*, 818 F. Supp. 3d 1141, 1154 (E.D. Cal. 2025) (granting release

despite petitioner's arrest for DUI and following conviction for wet and reckless driving); *H.A. v. Genalo*, No. 26 CIV. 2706 (AT), 2026 WL 1159512, at *4 (S.D.N.Y. Apr. 28, 2026) (finding § 1226(c) does not provide for mandatory detention where charges have been dropped); *Singh v. Warden of California City Det. Facility*, No. 2:25-cv-03724-DJC-JDP, 2026 WL 1088902, at *2 (E.D. Cal. Apr. 22, 2026) (collecting cases and noting agreement "with other courts that have confronted this issue and find[ing] that, after the charges were dismissed, petitioner was no longer subject to mandatory detention under section 1226(c)").

Nor have Respondents set forth any facts establishing that Petitioner is responsible for the delay. Thus, Respondents have failed to rebut Petitioner's showing. *See Dao v. Rios*, No. 2:26-cv-00370-JB-DLM, 2026 WL 1103119, at *6-7 (D.N.M. Apr. 23, 2026) (collecting cases and noting that the "six-month presumption in *Zadvydas* is a practical guide, not a stopwatch. Detention beyond six months is permissible only while removal remains reasonably foreseeable, and courts routinely consider the total time a noncitizen has been detained under § 1231(a)(6) when applying that standard").

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner no later than October 20, 2026, without any new conditions of release;
3) Respondents **SHALL** provide Petitioner with all his personal belongings and facilitate Petitioner's transportation from the detention facility and provide all necessary identity and travel documents to return to his primary address;

4) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner absent a change in circumstances showing that his removal is reasonably foreseeable, for instance, through the procurement of travel documents and concrete travel plans;

5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

7) This Order resolves all pending motions (*see* Docs. 9, 10);

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**